## Congress Hotel Company, Appellant, v. Ella E. Southgate, Individually and as Executrix, Appellee.

### Gen. No. 23,110.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed January 31, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Congress Hotel Company, a corporation, complainant, against Ella E. Southgate, individually and as executrix under the last will and testament of Richard H. Southgate, deceased, to compel the refunding of a certain amount and to impress certain real estate with a trust. From a decree sustaining a general demurrer to the bill and dismissing it for want of equity, complainant appeals.

SIMEON STRAUS and IRA E. STRAUS, for appellant.

GOODRICH, VINCENT & BRADLEY, for appellee; RALPH R. BRADLEY, of counsel.

MR. JUSTICE MCDONALD delivered the opinion of the court.

Congress Hotel Co. v. Southgate, 209 Ill. App. 442.

## Abstract of the Decision.

1. CORPORATIONS, § 261*—*when contracts with director not invalid.* The fact that at the time contracts for the procuring of a lease of property, the erection of a building thereon and the floating of a bond issue were consummated and adopted between a corporation and another, the latter was a director of the corporation, does not impair their validity if there was no fraud on his part.

2. FRAUD, § 73*—*when bill insufficient.* General allegations of fraud in a bill amounting merely to conclusions of the pleader are insufficient.

3. CORPORATIONS, § 260*—*when fraud in making contract with director not shown.* Where it appears that a resolution approving a contract between a director and his corporation and authorizing its execution by the proper officers was adopted by the board of directors; that the contract was thereafter executed at a special meeting at which the whole board was apparently present and at which a supplemental agreement was entered into in effect ratifying the prior action of the board, at which time the director only held 100 shares out of the 17,000 shares of stock of the corporation, and no fraud in ratifying the contract is charged, fraud in the making of such contract by reason of the director's domination of the board is not shown, especially where the corporation not only remained passive as to the contract for a period of 15 years after the alleged domination had ceased, but also, during the latter period, refused to take any action though requested by a stockholder to do so.

4. CORPORATIONS, § 261*—*when equity will not require refunding of payments made to director under contract.* Where an agreement between a director and his corporation has been legally ratified by the directors, acting of their own volition, and spread upon the books of the corporation, and the latter has availed itself of the benefits of the agreement for a period of 15 years, during which time it has paid dividends, equity will not require that payments made to the director in accordance with the agreement be refunded.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.